### Sanford H. Holt, President of the Village of Hodgkins, et al. v. The People, ex rel., etc.

1. ELECTIONS—*Duty of Village Boards.*—The statute (R. S., Chap. 24, Sec. 57) makes it the duty of the board of trustees of villages to examine and canvass the returns of village elections, but it confers no authority upon the board to canvass the ballots cast at such elections.

2. MANDAMUS—*Lies to Compel Village Officers to Act upon Returns Made to Them by the Judges of Elections.*—A writ of mandamus will lie to compel village officers to act upon the returns of an election held for village officers, to declare the result of the same and to notify the parties shown by such returns to have been elected.

Mandamus, to compel a village board to act upon the returns of an election and declare the result. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

Statement.—This is a petition for a writ of mandamus filed in the name of the people on the relation of one Modesti Lenzi against the president and board of trustees and the village clerk of the village of Hodgkins, seeking to compel them to proceed and act upon the returns made to them by the judges of an election held for the election of village officers, to declare the result thereof and to notify of their election the several parties shown by the report of said judges of election to have been elected. The petition alleges that said Lenzi was elected president at said election, and that certain other parties named were elected, respectively, members of the board of trustees and clerk of said

Holt v. The People.

village, having received a majority of the votes cast at such election; that the judges of election counted the ballots after the close of the polls, and so declared the result; and that within two days the said judges of election filed with the clerk of the board of trustees their report of such election duly signed and sealed by them and by the clerks of said election. The petition further alleges that the defendants, then officers of the village, refused to canvass the returns, declare the result and issue certificates to the persons duly elected at said election.

The answer of the defendants denies the election of the petitioner and his associates, and avers that the plaintiffs in error, acting in their official capacity as president, clerk and board of trustees of said village, did meet and canvass the returns of the judges of said election, did declare the result, did spread the same on the village records, and that they duly inducted into office the persons so declared elected.

Upon the hearing an order was entered in accordance with the prayer of the petition directing the defendants as a canvassing board to canvass the returns made by the judges of election according to said returns, to cause a statement of the result to be made on the village records, and upon the completion of said canvass to issue to the persons shown by the said returns to have received the highest number of votes certificates of their election to said offices respectively. It is further ordered that the result of such canvass be entered on the records of the village, and that the latter be turned over to the newly elected officer entitled to possession thereof.

A. C. ALLEN, attorney for plaintiff in error.

JOHN J. COBURN and GEORGE A. MEECH, attorneys for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of plaintiffs in error that the

court erred in denying their motion to dismiss the petition
for want of jurisdiction. It is claimed that mandamus will
not lie to compel a canvass of returns after the canvassers
have once performed that duty, even though they may have
erred in rejecting what should have been counted. The
motion to dismiss was based upon a copy of the proceedings
of the plaintiffs in error as president, board of trustees and
clerk of said village at a meeting held for the purpose of
canvassing the returns of said election. It was there
ordered, "that the minutes of this meeting be made to show
the canvass of the returns and ballots and evidence of fraud
and the finding of the board," said finding being that plaint-
iff in error Holt received "32 legal votes for president"
and that relator Lenzi "received 12 legal votes." The same
result was reached as to the rest of the two opposing
tickets by disregarding votes claimed to be illegal and
declaring elected persons appearing on the face of the
return to have received a minority of the votes cast. These
persons were then inducted into office.

It appears from this showing that the plaintiffs in error
undertook to go behind the returns, whether these were
regular or not. The statute makes it the duty of the board
of trustees to "examine and canvass" the returns. (R. S.,
Chap. 24, Sec. 57.) In this case they went further and
undertook to canvass the ballots which they had no author-
ity to examine.

The motion to dismiss for want of jurisdiction having
been overruled, evidence was introduced tending to show
that at the close of the polls on the day of election the
votes were canvassed and counted by the judges of elec-
tion and the returns showing the result were duly made
out and signed by all the judges and clerks. The poll
book containing the names of the voters and the certifi-
cate of the judges to the result were introduced in evidence
and are preserved in the record. The certificate appearing
therein, signed by the judges of election, are as follows:

"At an election held at Hodgkins, in the village hall, in
the county of Cook and State of Illinois, on the 17th day

of April, in the year of our Lord one thousand nine hundred (1900), the following named persons received the number of votes annexed to their respective names, for the following described offices, to wit:

CITIZENS' TICKET.

| | | |
|---|---|---|
| For President, | Sanford Holt | Received 32 votes. |
| For Trustee, | Harvey Gehr | Received 32 votes. |
| | Albert Hopp | Received 32 votes. |
| | Herman Parpart | Received 32 votes. |
| For Village Clerk, | John Edward Gardner | Received 32 votes. |
| For Police Magistrate, | August Dolgner | Received 32 votes. |

PEOPLE'S TICKET.

| | | |
|---|---|---|
| For President, | Modesto Lenzi | Received 35 votes. |
| For Trustee, | Flower Giovino | Received 33 votes. |
| | John Badke | Received 34 votes. |
| | Gottlieb Weber, | Received 34 votes. |
| For Village Clerk, | Alfred Broomhead | Received 33 votes. |
| For Police Magistrate, | | Received votes. |

Certified by us,
Henry Gehr,
Frank Kohlz, } Judges of Election.
James Miller,

Attest: Albert Conrad, } Clerks of Election.
F. E. Alvord,

After the introduction of this evidence by the relator the plaintiffs in error filed an amended answer. In this it is averred that the relator, and twenty-four others mentioned by name, conspired to carry the election in question by fraud; that only two of these were residents of the village, but that the votes of the others were all "sworn in" upon affidavits made by the relator; that said persons were armed, displayed and fired off revolvers for the purpose of intimidating the judges of election, and made threats pursuant to such alleged conspiracy; and that the relator is a defaulter to the village, in arrears for taxes, conducts a saloon, and has refused to pay a license fee.

There is in this evidently no warrant for the conduct of the plaintiffs in error in refusing to consider the returns made to them by the judges of election, and undertaking to count the ballots themselves, without the slightest authority in law. As was said in People ex rel. M. W. Fuller v. L. P. Hilliard et al., 29 Ill. 413, the board of canvassers are "ministerial, not judicial officers. They might possibly judge whether returns are in due form, but after that they

can only compute the votes cast for the several candidates according to the returns and declare the result."

It appears from this record that the board of trustees did not canvass any returns. They did something entirely different and wholly unauthorized. It was therefore entirely proper that the writ of mandamus should issue commanding them to perform the clear and obvious duty required of them by law. McCrary on Elections, Sections 261, 262, also, 399, 415, 416, cited in the brief of defendant in error.

The judgment of the Superior Court is affirmed.